UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | |
| RONALD VANCE ABBOTT, | ) | CASE NO. 09-20282 (ASD) |
| DEBTOR | ) | CHAPTER 7 |
| LYNN MARCANTONIO, | ) | |
| PLAINTIFF | ) | |
| v. | ) | ADV. PRO. NO. 09-2033 |
| RONALD VANCE ABBOTT, | ) | |
| DEFENDANT | ) | RE: DOC. I.D. NO. 32 |

<u>APPEARANCES</u>:

Julie M. Strzemienski, Esq.                    Counsel for Plaintiff
Hampton Law Offices, LLC
59 East Hill Road,
P.O. Box 1008,
Canton, Connecticut 06019


Anthony S. Novak, Esq.                    Counsel for Defendant - Debtor
Lobo & Novak, LLP,
280 Adams Street,
Manchester, Connecticut 06042-1975


**MEMORANDUM OF DECISION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

DABROWSKI, ALBERT S., United States Bankruptcy Judge

## I. BACKGROUND AND INTRODUCTION

Ronald Vance Abbott (hereafter, the "Debtor") commenced the captioned bankruptcy case on February 12, 2009, by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. Lynn Marcantonio (hereafter, the "Plaintiff"), the Debtor's ex-girlfriend, commenced the captioned adversary proceeding on May 11, 2009, by filing a nine-count complaint[1] against the Debtor.

Presently before the Court is the Plaintiff's <u>Motion for Summary Judgment</u> (hereafter the "Motion"), Doc. I.D. No. 32, seeking judgment for the Plaintiff as to Counts Five, Seven and Eight of the Complaint pursuant to Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056. Count Five alleges that the Plaintiff has an equitable interest in the Debtor's residence. Counts Seven and Eight seek denial of the Debtor's discharge pursuant to Bankruptcy Code §§727(a)(2)(A) (fraudulent transfer of Debtor's property) and (3) (inadequate financial records).

For the reasons set forth hereinafter, the Motion is denied.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives

---

[1] The original complaint, Doc. I.D. No. 1, was amended by the *First Amended Complaint* (hereafter, the "Complaint"), Doc. I.D. No. 25, filed on August 3, 2009. The Court construes the Motion to refer to the Complaint, which consisted of the same numbered counts as the original. On December 21, 2009, the Court dismissed Count Six (RICO). *See Memorandum of Decision and Order on Debtor's Motion to Dismiss Counts One, Two and Six.* Doc. I.D. No. 40.,

2

its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§157(b)(2)(B),(I), and (J).

### III.  UNDISPUTED AND DISPUTED FACTS

*A. Undisputed Facts*

The Plaintiff's Local Rule 56(a)1 Statement of Undisputed Facts, Doc. I.D. No. 32-2, sets forth the following statements (indicating the documentary support for each):

1. [The Debtor] is the sole owner of 70 Daly Street, Bristol, Connecticut ("Property").

2. [The Plaintiff] and [the Debtor] were involved in a romantic relationship.

3. [The Debtor] and [the Plaintiff] cohabitated together at the Property.

4. [The Plaintiff] tendered $41,700 to pay in full the second mortgage on the Property.

5. [The Plaintiff] tendered $75,000 to [the Debtor], which he used to buy a bar known as Grumpy's.

6. [The Debtor] purchased Grumpy's for $120,000 and used $60,000 of his own money toward the purchase.

7. [The Debtor] swore under oath to the Department of Consumer Protection on December 4, 2007, that he was receiving $60,000 in loans to purchase the bar.

8. [The Debtor] operated the bar through Abbott Enterprises, LLC.

9. [The Debtor] was the sole member of Abbott Enterprises, LLC.

10. [The Debtor] commenced eviction proceedings against [the Plaintiff] on or about May 12, 2008 seeking to evict her from the Property.

11. [The Plaintiff] commenced litigation against [the Debtor] and Abbott Enterprises, LLC on or about June 30, 2008 alleging theft, conversion, breach of contract, unjust enrichment, resulting trust and CUPTA.

12. On August 19, 2009, the day before a Pre Judgment Remedy ("PJR") Hearing was scheduled in [the Plaintiff's] lawsuit, it was discovered [the Debtor] intended to liquidate the assets of Abbott Enterprises prior to the PJR hearing. [The Plaintiff] applied for an injunction and was denied relief by the Court.

13. [The Debtor] liquidated the business assets of Abbott Enterprises, LLC.

## *B. Disputed Facts*

The Debtor, in his responsive Local Rule 56(a)2 Statement, Doc. I.D. No. 39, admits each of the above statements, but also sets forth the following "disputed issues of material fact" (indicating the documentary support for each):

1. The $41,700 payment made by the Plaintiff to the Defendant . . . was, by the Plaintiff's own words a "gift" made without "a lien or expect[ation] top be paid back for this gift in any way."

2. The "liquidation" of Grumpy's and the removal and sale of assets for Grumpy's was due to the financial demise of the business (caused in part by the Plaintiff) and the advice of Defendant's counsel subsequent to a Notice to Quit and instigation of an eviction action by the property owner of Grumpy's location.

3. The transfer and sale of assets described by the Plaintiff was that of Abbott Enterprises, LLC and not the individual Defendant and all funds received were for the benefit of Abbott Enterprises, LLC.

4. The Defendant kept thorough, accurate and voluminous records and maintained the best recordkeeping possible given the circumstance which included a eviction action commenced by Notice to Quit served August 13, 2008 and a date to vacate of August 20, 2008. These records have been available for inspection by the Plaintiff, who has made no effort to review these records.

5. The individual Defendant did not (save for a small amount of food which was about to perish and a small amount of alcohol from open containers which

4

could not, pursuant to law, be sold) [receive] any benefit from the sale and/or transfer of assets described by the Plaintiff.

6. The sale and/or transfer of assets described by the Plaintiff were solely for the purpose of payment to creditors of Grumpys' (primarily taxes) and were previously disclosed to creditors and/or the trustee.

## IV.   DISCUSSION

### A.   *Summary Judgment Standards*

> Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. In reviewing a summary judgment motion, we must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor.
> . . . [The] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then "summary judgment must be denied even if no opposing evidentiary matter is presented. Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the . . . court may not rely solely on the statement of undisputed facts contained in the moving party's Rule [56(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion.

Vermont Teddy Bear Co., Inc. v. 1-800-Beargram Co., Inc., 373 F.3d 241, 244 (2d Cir. 2004).

In evaluating a motion for summary judgment, the court is not to weigh the credibility of the matters asserted; it "cannot try issues of fact, but can only determine whether there are issues of fact to be tried." R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (citations omitted).

The Plaintiff is entitled to summary judgment as to a particular count only if the undisputed facts are sufficient to satisfy her burden of production as to each of its required

elements. Giannullo v. City of New York, 322 F.3d 139, 140-41 (2d Cir. 2003) ("[W]here the movant fail[s] to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied") (citations and internal quotation marks omitted); cf. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (granting defendant's motion for summary judgment where the plaintiff "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

### B.   *Count Five - Constructive Trust*

Although "courts should act very cautiously in applying constructive trust law in the context of bankruptcy" because of its potential to "wreak . . . havoc with the priority system ordained by the Bankruptcy Code," we nevertheless begin with "the general rule that constructive trusts must be determined under state law." In re Ades and Berg Group Investors, 550 F.3d 240, 243 -244 (2d Cir. 2008) (citations and internal quotation marks omitted); see, also Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 450-451, 127 S.Ct. 1199, 1205 (2007) ("The basic federal rule in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.") (citations and internal quotation marks omitted).

Connecticut constructive trust law has been defined by the state's Supreme Court as follows:

> A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the

> beneficial interest, equity converts him into a trustee. . . . The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment . . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.

Town of New Hartford v. Connecticut Resources Recovery Authority, 291 Conn. 433, 466 (2009).

> Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff. Id.

Wendell Corp. Trustee v. Thurston, 239 Conn. 109, 114 (1996).

> "In order for a constructive trust to be imposed, the plaintiff must allege fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations. Worobey v. Sibieth, 136 Conn. 352, 356, 71 A.2d 80 (1949)." Wing v. White, 14 Conn.App. 642, 644, 542 A.2d 748 (1988). "Courts may use the equitable device of a constructive trust to remedy the unjust enrichment which results from not disposing of property as promised after the promise induced someone with whom the promisor shared a confidential relationship to transfer the property to the promisor." Starzec v. Kida, 183 Conn. 41, 49, 438 A.2d 1157 (1981).

Giulietti v. Giulietti, 65 Conn.App. 813, 860 (Conn.App. 2001).

The parties do not dispute that they had a romantic relationship and lived together in the Debtor's residence. They also agree that the Plaintiff offered and the Debtor accepted $41,700 to pay off the second mortgage on such residence. Such facts alone are insufficient to support a finding of wrongful conduct of the type that could support imposition of a constructive trust. Thus, the Motion must be denied as to Count Five.

### C.   *Counts Seven and Eight – Objections to Discharge under §§727(a)(2)A) & (3)*

Counts Seven and Eight seek denial of the Debtor's discharge pursuant to Bankruptcy Code §§727(a)(2)(A) and (3), respectively. The relevant provisions of §727(a) state:

7

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>>
>>> (A) property of the debtor, within one year before the date of the filing of the petition;
>
> . . .
>
>> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. §727.

Because denial of discharge is an "extreme penalty," the provisions of §727 are "construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1310 (2d Cir. 1996) (citation and quotation marks omitted).

The plaintiff has the burden of proof in an adversary proceeding objecting to discharge. Fed. R. Bankr. P. 4005. The standard of proof is the preponderance of the evidence. Wolfson v. Wolfson (In re Wolfson), 152 B.R. 830, 832 (S.D.N.Y. 1993). "Once sufficient evidence is presented by the plaintiff to satisfy the burden of going forward with the evidence, the burden thereafter shifts to the debtor to provide evidence to rebut the plaintiff's prima facie case. The plaintiff, however, always bears the ultimate burden of proving, by a preponderance of the evidence, the essential elements of an alleged objection to discharge." PaineWebber, Inc. v. Gollomp (In re Gollomp), 198 B.R. 433, 440 (S.D.N.Y. 1996).

8

### *(i)      Count Seven - Objection to Discharge under §727(a)(2)(A)*

The Plaintiff alleges, in Count Seven, that, on or about August 19, 2008, the Debtor removed "assets of Abbott Enterprises, LLC" from the business location. (Complaint at 6.) The Debtor does not dispute that he "liquidated the business assets of Abbott Enterprises, LLC" (56(a)1 Statement ¶13.), but further states that such liquidation was necessitated by the failure of the business, was precipitated by the business' eviction from its leased premises, and that the proceeds of such liquidation were used to pay the creditors of Abbott Enterprises, LLC.

It is uncontested that Count Seven concerns only the business assets of Abbott Enterprises, LLC.  Under the Connecticut statutes establishing limited liability companies, it is clear that while the Debtor's membership interest in the Business was property of the Debtor, and consequently, of his estate, property of the Business is neither.  Conn. Gen. Stat. §34-167, entitled <u>Ownership of limited liability company property</u>, states:

> (a) Property transferred to or otherwise acquired by a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specific limited liability company property.
>
> (b) Property may be acquired, held and conveyed in the name of the limited liability company. Any interest in real property may be acquired in the name of the limited liability company and title to any interest so acquired shall vest in the limited liability company itself rather than in the members individually.

Because Count Seven concerns the transfer of property belonging to the limited liability company, not property of the Debtor;  such allegations do not provide grounds for denial of a discharge under §727(a)(2)(A).  Accordingly, the Motion must be denied as to Count Seven.

9

### *(ii)  Count Eight - Objection to Discharge under §727(a)(3)*

Count Eight alleges that the Debtor has failed to maintain adequate financial records concerning the disposition of the assets of Abbott Enterprises, LLC, and that "upon information and belief, the [Debtor] failed to provide accurate tax returns." The Plaintiff has provided no evidentiary support for either allegation. As noted, *supra*, Abbott Enterprises, LLC is an entity separate and distinct from the individual Debtor. Moreover, the Debtor avers that he "kept thorough, accurate and voluminous records and maintained the best recordkeeping possible" under the circumstances.

The Court finds that the allegations of Count Eight present disputed issues of material facts, thus precluding summary judgment. Accordingly, the Motion must be denied as to Count Eight.

### V.  CONCLUSION AND ORDER

In accordance with the foregoing discussion, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment, Doc. I.D. No. 32, is **DENIED** in its entirety.

Dated: March 25, 2010                                                                               BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge